UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| AOG Entertainment, Inc., <u>et al.</u>,[1] | : | Case No. 16-11090 (SMB) |
| | : | |
| Debtors. | : | Jointly Administered |

-------------------------------------------------------x

## STATEMENT OF FINANCIAL AFFAIRS FOR
## 19 RECORDINGS, INC. (CASE NO. 16-11087)

---

[1] A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Peter Hurwitz, President of Certain Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 3] and at http://www.kccllc.net/AOG. The Debtors' executive headquarters are located at 8560 West Sunset Boulevard, 8th Floor, West Hollywood, CA 90069.

**GLOBAL NOTES TO SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS OF AOG ENTERTAINMENT, INC.
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION**

*These notes (the "__Global Notes__") regarding the Debtors' Schedules of Assets and Liabilities (the "__Schedules__") and Statements of Financial Affairs (the "__SOFAs__," and together with the Schedules, the "__Bankruptcy Schedules__") comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of them.*

Management ("__Management__") of CORE Entertainment Inc. ("__CORE__" or the "__Company__") and its affiliated debtors and debtors in possession (each, a "__Debtor__," and collectively, the "__Debtors__")[1] have prepared unaudited Bankruptcy Schedules with the assistance of the Debtors' advisors pursuant to section 521 of title 11 of the United States Code (the "__Bankruptcy Code__") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "__Bankruptcy Rules__").  The chapter 11 cases of the Debtors are jointly administered, pursuant to an order of the United States Bankruptcy Court for the Southern District of New York (the "__Bankruptcy Court__"), dated April 28, 2016 [Docket No. 23].  Notwithstanding the joint administration of the Debtors' chapter 11 cases, each of the Debtors has filed its own Bankruptcy Schedules.

The corporate structure of the Debtors is complex.  While Management has made every reasonable effort to ensure that the Debtors' Bankruptcy Schedules are accurate and complete, based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Bankruptcy Schedules.  Moreover, because the Bankruptcy Schedules contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Bankruptcy Schedules are complete or accurate.  Accordingly, the Debtors reserve their right to amend and/or supplement their Bankruptcy Schedules in all respects from time to time as may be necessary or appropriate, and they may do so as information comes available.

These Global Notes are incorporated by reference in, and comprise an integral part of, the Bankruptcy Schedules, and should be referred to and reviewed in connection with any review of the Bankruptcy Schedules.  In the event that the Bankruptcy Schedules differ from the Global Notes, the Global Notes shall control.

---

[1]     A list of the Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number is attached as Schedule 1 to the Declaration of Peter Hurwitz, President of Certain Debtors, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 3] and at http://www.kccllc.net/AOG.  The Debtors' executive headquarters are located at 8560 West Sunset Boulevard, 8th Floor, West Hollywood, CA 90069.

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

## GENERAL NOTES

**Reservation of Rights**.  The Debtors reserve the right to amend the Bankruptcy Schedules in all respects as may be necessary or appropriate, including, but not limited to, the right to assert offsets or defenses to, or to dispute, any claim reflected on the Bankruptcy Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Furthermore, nothing contained in the Bankruptcy Schedules shall constitute a waiver of the Debtors' rights with respect to these chapter 11 cases and specifically with respect to any issues involving, the total amount of any party's secured claim, substantive consolidation, equitable subordination and/or causes of action, including causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.

**Basis of Presentation**.  Given the differences between the information requested in the Bankruptcy Schedules and the financial information utilized under accounting principles generally accepted in the United States of America ("**GAAP**"), the aggregate asset values and claim amounts set forth in the Bankruptcy Schedules do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.  The Bankruptcy Schedules are a reflection of the assets and liabilities as recorded in the Debtors' books and records and, therefore, may not be an accurate reflection of all of the Debtors' potential liabilities.

Some of the Debtors' scheduled assets and liabilities are unliquidated or of unknown value at this time.  Accordingly, the Bankruptcy Schedules may not accurately reflect the aggregate amount of the Debtors' current assets and liabilities.

The preparation of the Bankruptcy Schedules required Management to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities and the reported amounts of expenses during the reporting period.  Actual results could differ from those estimates.  Without prior notice, the Debtors may amend their Bankruptcy Schedules as they deem necessary and appropriate to reflect material changes, if any, that arise during the pendency of their chapter 11 cases.

The Bankruptcy Schedules reflect the separate assets and liabilities of each individual Debtor, however, due to the consolidated nature of the Debtors' business operations, parties are encouraged to review each of the Bankruptcy Schedules for the Debtors as liabilities or assets of a particular Debtor, as such liabilities or assets may be combined with that of another Debtor.  In separating out information among the Debtors, Management and the Debtors' advisors were required to make certain assumptions about the ownership of assets and responsibility for liabilities of certain Debtors because many contractual rights and obligations are shared by more than one Debtor.

The Debtors have not included in the Bankruptcy Schedules future obligations under any operating leases.

Trade accounts receivable are presented in gross amounts, but without consideration for any liabilities related to mutual counterparty accounts payable, open or terminated contract liabilities,

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

liquidated damages, setoff rights, or collateral held by the Debtors, unless otherwise stated. Likewise, accounts payable are shown without consideration for accounts receivable, open or terminated contracts, liquidated damages, setoff rights, or collateral that has been posted on behalf of the counterparty.

**Date of Valuations**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, book values as of April 28, 2016 (the "**Petition Date**") are reflected on the Bankruptcy Schedules.  For this reason, amounts ultimately realized may vary from book value, and such variance may be material.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined" and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

**Book Value**.  Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's cost basis accounting books and records as of the Petition Date.  Therefore, unless otherwise noted, the Bankruptcy Schedules may not represent current market value and the effects of the chapter 11 cases.

The Debtors believe that certain of their assets, including but not limited to, intellectual property rights (principally, copyrights and trademarks), may have been significantly impaired by, among other things, the events leading up to, and the commencement of the Debtors' chapter 11 cases.

**Causes of Action and Litigation**.  The Debtors have made their best efforts to set forth known causes of action against third parties as assets in their Bankruptcy Schedules.  The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed, and neither these Global Notes nor the Bankruptcy Schedules shall be deemed a waiver of any such cause of action.

The inclusion of any litigation action in the Bankruptcy Schedules does not constitute an admission by the Debtors of liability, the validity of any such litigation action or the amount of any potential claim that may result from any claims with respect to any litigation action and the amount and treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

**Payment of Prepetition Claims Pursuant to Court Orders**.  The Bankruptcy Court has authorized the Debtors, among other matters, to (a) pay certain prepetition wages, salaries and other related obligations, (b) pay certain prepetition sales, use and other taxes and regulatory fees, (c) pay certain critical vendors, and (d) pay certain reimbursable claims in the ordinary course of business.  Where the Bankruptcy Schedules list wages, salaries and other related obligations and set forth the Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Petition Date.  The Bankruptcy Schedules may not reflect payments made following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court.  The Debtors reserve all rights to update the Bankruptcy Schedules to reflect further payments made pursuant to the above referenced authorizations.

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

**Classification as Insider, Officer and/or Director**.  In the circumstances where the Bankruptcy Schedules require information regarding insiders and/or officers and directors, included herein are each Debtor's (a) directors (or persons in similar positions); and (b) employees that are, or were during the relevant period, officers (or persons in control of the Debtor).  Certain employees who may be considered "insiders" under the Bankruptcy Code may not be listed in the Bankruptcy Schedules in instances where such employees are not insiders of the particular Debtor for which the disclosure is required.  The listing of a party as an insider on the Bankruptcy Schedules is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right or defense and all such rights, claims and defenses are hereby expressly reserved.  Further, certain employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of any of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.  In certain instances, only business addresses of current employees are included on the Bankruptcy Schedules.

**Specific Notes**.  These Global Notes are in addition to the specific notes set forth in the Bankruptcy Schedules of the individual Debtor entities.  The fact that the Debtors have prepared these Global Notes with respect to a particular Schedule or SOFA and not as to others does not reflect and should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes to any or all of the Debtors' remaining Bankruptcy Schedules, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or attachment.

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

<u>SPECIFIC NOTES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES</u>

For the avoidance of doubt, the Summary of Schedules is subject to, and should be read in conjunction with, these Global Notes.  Nothing contained in the Summary of Schedules should be construed as an admission.

1. **Schedule A/B**

    a. **Part 1**.  Unless otherwise noted, the amounts shown are based on closing account balances as of the Petition Date.  The Debtors use a cash management system to streamline collection, transfer, and disbursement of funds generated by the Debtors' business operations.  The cash management system is operated and maintained by the Debtors.

    The bank account balances listed in the Debtors' Schedule B are net of outstanding negotiables that have been issued by the Debtors but not yet cashed by the recipient of such negotiables as voided or adjusted as part of these chapter 11 cases (<u>i.e.</u>, Schedule B reflects "book cash", not "bank cash").

    b. **Part 3**.  The value of accounts receivable, security deposits, inventory and other personal property are as of the Petition Date.

    The Debtors record accounts receivable as contractual obligations occur.  However, due to the nature of the Debtors' businesses, many contractual obligations are long-term in nature and the payment terms allow payments to be made in future periods and sometimes over several years.  As such, the Debtors' accounts receivable balances contain significant amounts which will not be due until subsequent accounting periods and over a long period of time and in various currencies.  The Debtors record these amounts at contract value and assess this value from time-to-time.

    The Debtors value accounts receivable net of allowances for bad debt or doubtful accounts on a consolidated basis.  Due to the consolidated nature of the Debtors' record keeping, bad debt reserves are not typically recorded in each of the Debtors' books and records, and the Debtors are unable to determine with complete certainty what will actually be collected, and therefore, amounts ultimately realized will vary from the amounts reflected in the Bankruptcy Schedules and such variance may be material.

    c. **Part 4**.  Each Debtor's Schedule A/B includes its ownership interest, if any, in any subsidiaries.  The value of the subsidiary stock is listed as "unknown" because the Debtors (a) report their value on a consolidated basis and (b) did not undertake a historical analysis to assign values to the subsidiary stock.

    Each Debtor's Schedule A/B identifies such Debtor's direct ownership interests in any subsidiary, but does not list any subsidiary that such Debtor may own indirectly.

v

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

    d.   **Part 5**.  Due to the nature of the Debtors' businesses, the Debtors do not currently own any inventory.

    e.   **Part 7**.  The Debtors do not have current appraisals or other valuations of their fixed assets.  Certain of the Debtors maintain consolidated financials, with office furniture, office fixtures, computer equipment and leasehold improvements recorded together.

    For the Debtors' leased property located at 1071 Avenue of the Americas, New York, NY 10018, the office furniture, fixtures and equipment is owned by a non-Debtor entity, and therefore the Debtors have not listed any interest in such property.

    For the Debtors' leased property located at 900 Third Avenue, New York, NY 10022, the Debtors have transferred the rights to the office furniture, fixtures and equipment located therein to their current sub-tenant for this property, and therefore the Debtors have not listed any interest in such property.

    The Debtors may own additional items, with *de minimis* book value, that are not reflected in their Schedules.  The information listed in Part 7 reflects the information most readily available to the Debtors.  Summary lists of the Debtors' office equipment, furnishings and supplies, and the Debtors' machinery, fixtures, equipment and supplies used in their businesses, will be made available upon reasonable request in writing to the Debtors' bankruptcy counsel and are maintained by Kurtzman Carson Consultants LLC.

    f.   **Part 9**.  The Debtors do not own any real property.  Leased property is listed in Part 9 and the value of the Debtors' interest in any real property is leasehold improvements.

    g.   **Part 10**.  The Debtors have not assigned value to, or identified the expiration date for, all of the intellectual property to which they have rights.  The fair market value of such intellectual property is dependent on numerous variables and factors, including the Debtors' joint ownership of certain intellectual property rights, and likely differs significantly from its net book value.

    The Debtors have included in Part 10, question 61, any interests in internet domain names and websites.  Such interests may be subject to joint ownership with non-Debtor entities, and as such, the Debtors are unable to ascertain the current value, if any, of such interests.

    The information listed in Part 10 with respect to the Debtors' interests in intellectual property is based on that certain Perfection Certificate, dated as of March 2016.

    h.   **Part 11**.  The Debtors have not included in Part 11, question 75 any claims that may arise as a result of expired management agreements that any of the Debtors have previously entered into.  The Debtors do not believe that any such

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

agreements are likely to give rise to any claims, and it would be overly burdensome and cost prohibitive for the Debtors to undertake a historical analysis to ascertain the value, if any, of any such claims.  With respect to certain audits of the Debtors' businesses, the Debtors have included in Part 11, question 75 the amounts that they ultimately expect to retain after such audits as offset by any subsequent fees or percentages paid as a result of such audits (i.e., the Debtors have scheduled the expected book value).

The Debtors routinely receive royalty payments resulting from ordinary course business transactions due to the nature of the Debtors' businesses.  The Debtors have included such royalty payments as receivables listed in Part 11, question 77.

2.  **Schedule D**.  Except as otherwise agreed pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.  In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Nothing in the Global Notes or the Bankruptcy Schedules shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.  Certain of the Debtors' agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financing agreements.  No attempt has been made to identify such agreements for purposes of Schedule D.

Holders of secured claims by virtue of holding setoff rights against the Debtors or leasing equipment to the Debtors are not included on Schedule D.  Lessors, utility companies and other parties which may hold security deposits have also not been listed on Schedule D.

With respect to the claim of Santander Asset Finance Plc on Schedule D for Debtor Double Vision Film Limited, the Debtors included such claim out of an abundance of caution based on a charge held by the creditor over a cash deposit and account.  Nothing in these Global Notes or the Bankruptcy Schedules should be construed as a waiver of any of the Debtors' rights in connection therewith and all rights are specifically reserved.

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

3.  **Schedule E/F.**

   a.  **Unsecured Claims**.  The claims listed on Schedule E/F arose or were incurred on various dates.  A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, such dates are not included for each such claim.

   b.  **Unsecured Priority Claims.**  Claims listed on the Debtors' Schedule E are claims owing to various taxing authorities and to certain individuals employed by the Debtors to which the Debtors may potentially be liable.  However, with respect to those claims owed to taxing authorities, certain of such claims may be subject to on-going audits, and therefore, the Debtors have listed all such claims as contingent, pending final resolution of ongoing audits or other outstanding issues.  The Debtors reserve their right to dispute or challenge the amounts entitled to priority.

   The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve the right to take the position that any claim listed on Schedule E is not entitled to priority.

   Pursuant to an order of the Bankruptcy Court dated May 2, 2016, the Debtors are authorized to pay certain prepetition obligations for employee wages, salaries and other compensation, reimbursable employee expenses, employee benefits and employment taxes.  Therefore, certain claims held by the Debtors' employees as of May 2, 2016 are not listed on the Debtors' Schedule E.

   Pursuant to an order of the Bankruptcy Court dated May 2, 2016, the Debtors are authorized to pay certain prepetition obligations on account of sales, use, withholding, franchise and certain other taxes and licensing and regulatory fees in the ordinary course.  Therefore, related claims held by the Debtors' taxing and regulatory authorities as of May 2, 2016 have not been listed on the Debtors' Schedule E.

   c.  **General Unsecured Claims**.  Schedule F does not include certain deferred charges, deferred liabilities, or general reserves.  Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date.

   The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  While commercially reasonable efforts have been made, determining the date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors have not listed a date for every claim listed on Schedule F.  Schedule F contains information regarding potential, pending, and closed litigation involving the Debtors.  In certain instances, the Debtor that is the subject of the litigation is unclear or

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

undetermined.  However, to the extent litigation involving a particular Debtor has been identified, such information is contained in the Schedule for that Debtor.

In certain instances, a Debtor may be a co-obligor or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule F of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.  The descriptions provided in Schedule F are intended only to be a summary.  Nothing in the Global Notes or the Bankruptcy Schedules shall be deemed to be a modification or interpretation of the terms of such agreements.  The claims of individual creditors for, among other things, goods, services or taxes are listed at the amounts listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor.  The Debtors reserve all of their rights respecting such credits or allowances.  The dollar amounts listed may be exclusive of contingent and unliquidated amounts.  The Debtors expressly incorporate by reference into Schedule F all parties to pending and potential pending litigation listed in the Debtors' Statements as contingent, unliquidated, and disputed claims to the extent not already listed on Schedule F.

The Debtors expressly incorporate by reference into Schedules F all parties to pending and potential litigation listed in the Debtors' Statements as contingent, unliquidated and disputed claims, to the extent not already listed on Schedule F.

The Debtors have not included on Schedule F secured parties that may have an unsecured deficiency claim; such parties have been listed on Schedule D only.

Counterparties to the Debtors' executory contracts may be holders of contingent and unliquidated claims arising from (a) obligations under those executory contracts, and/or (b) rejection damages in the event those executory contracts are rejected.  Certain of these claims are not listed on Schedule F.

The amount of each unsecured nonpriority claim listed in Schedule F is as of the Petition Date and does not reflect accruals with respect to the amount of such claims.

For purposes of the Schedules, the Debtors have only scheduled claims and executory contracts for which the Debtors may be contractually and/or directly liable.  No claims have been scheduled for a Debtor that may have benefited directly or indirectly from a contractual relationship to which the Debtor was not a named party.  No claims or executory contracts have been scheduled where payments to third parties were made on a Debtor's behalf for administrative convenience or as a result of the Debtors' cash management system.

4.  **Schedule G**.  Schedule G includes the Debtors' employment agreements with both the Debtors' executives and non-executive employees.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases.  Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are expressly preserved.

While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors, omissions or over-inclusions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, including supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents may also not be set forth on Schedule G.

Due to the nature of the Debtors' businesses, the Debtors have entered into numerous contracts governing royalty payments.  In general, the Debtors do not believe that certain of such contracts or agreements governing royalty payments are executory, and therefore they have not been listed on Schedule G.  However, the Debtors have scheduled contracts involving royalty payments in exchange for licenses governing the ongoing use of intellectual property rights.  Many such contracts relating to royalties and other post-term obligations have an indeterminate end date and have been included by the Debtors out of an abundance of caution.  Additionally, the Debtors have not listed any confidentiality agreements on Schedule G.

The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim.  Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month, annual or at-will basis.  Such contracts may not be included on Schedule G.  However, each Debtor reserves the right to assert that such agreements constitute executory contracts.

5.  **Schedule H**.  With respect to Schedule H, Co-Debtors, in the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties.  Because such claims are listed elsewhere in the Bankruptcy Schedules, they have not

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

been set forth individually on Schedule H. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. Thus, the Debtors reserve their right to amend the Schedules to the extent additional guarantees are identified.

With respect to Schedule H, each of the Debtors listed herein is a guarantor under that certain First Lien Term Loan Agreement (the "**FLTLA**"), dated as of December 9, 2011 and that Second Lien Term Loan Agreement (the "**SLTLA**"), dated as of December 9, 2011. The entities included in Schedule H include the following guarantors under the Debtors' FLTLA and SLTLA who have not filed chapter 11 petitions: Sharp Entertainment Holdings, LLC, Sharp Entertainment, LLC, Sharp Digital, LLC and BP Production Services, LLC.

## SPECIFIC NOTES REGARDING THE DEBTORS' STATEMENTS OF FINANCIAL AFFAIRS

1. **SOFA 1.** The revenue amounts shown in response to this question reflect net revenues as reported on the Debtors' books and records. Because the Debtors prepare consolidated financial statements, when the Debtors have contractual rights that are shared between Debtors, revenues are typically recorded at one debtor entity and allocated between Debtors as an intercompany adjustment when necessary for external tax or statutory reporting purposes. For the purposes of the Bankruptcy Schedules, the Debtors have attributed the consolidated revenue for CORE to each subsidiary to the extent such attribution was made in the Debtors' financial records.

2. **SOFA 3**. In the interests of protecting individuals' privacy, payments made to non-insider employees on account of wages, salaries, or commissions have not been listed in response to SOFA 3. Similarly, payments made to the Debtors' payroll administrator, TriNet Group, Inc., and employee benefit plans have been listed in response to SOFA 3 as lump sums, and details of such will be made available upon reasonable request in writing to the Debtors' bankruptcy counsel, subject to entry into reasonable confidentiality provisions. In addition, to the extent the Debtors withhold amounts from their employees on account of benefit contributions and remit such funds to third parties, such transactions have not been listed in response to SOFA 3. Further, in response to SOFA 3, the Debtors have not included bank fees, wire fees and other miscellaneous charges that are deducted in the ordinary course of business by the Debtors' banks. Transfers of funds made between bank accounts of the same Debtor have also not been included in response to SOFA 3. Intercompany transfers are not included in response to SOFA 3, but are instead listed in SOFA 13.

   Except as provided herein, with respect to SOFA 3, the Debtors have scheduled known payments to creditors aggregating more than $6,425 that were made during the ninety (90) days prior to the Petition Date. Payments to insiders are listed as required in SOFA 4 and/or SOFA 30.

3. **SOFA 4**. With respect to SOFA 4, the listing of any person or entity is not intended to be nor shall it be construed as a legal characterization of such party as an "insider" as defined in section 101(31) of the Bankruptcy Code, and does not act as an admission of any fact, claim, right or defense, and all such rights, claims and defenses are hereby reserved. For more

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

information regarding each Debtor's officers and directors, see SOFA 28 and SOFA 29.  The payroll related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments constitute gross amounts and do not include certain reductions, including employee tax or benefit withholdings.  Amounts shown in response to this question for any travel and business-related expense reimbursements include expenses reimbursed directly to the applicable insider.  The amounts listed in SOFA 4 reflect the Debtors' disbursements netted against any check level detail.  Thus, to the extent a disbursement was made to pay for multiple invoices, only one entry has been listed.

4. **SOFA 7**.  With respect to SOFA 7, the Debtors have made reasonable efforts to accurately record all suits and administrative proceedings to which a Debtor is or was party to within the one (1) year immediately preceding the Petition Date.  Certain litigation against a particular Debtor may relate to any of the other Debtors.  The actions described in SOFA 7 are the responsive proceedings or pending proceedings of which the Debtors are actually aware.

5. **SOFA 11**.  Payments related to professional services rendered to the Debtors in connection with the commencement of their chapter 11 cases have been made on a consolidated basis and appear only in response to SOFA 11 for Debtor CORE Media Group Inc., even though such services were provided for the benefit of all the Debtors.

6. **SOFA 20**.  With respect to SOFA 20, the Debtors have only included facilities utilized by Debtors 19 Entertainment Inc. and CORE Media Group Inc., which are the only Debtors that are contract parties with respect to the listed facilities.  Due to the consolidated nature of the Debtors' businesses, multiple Debtors may utilize these facilities, but the facilities have not been listed for such Debtors for the purposes of SOFA 20.

7. **SOFA 25**.  With respect to SOFA 25, each Debtor has identified all businesses in which it has a direct ownership interest in more than 5% of the voting or equity securities.  Indirect ownership interests, if any, are not listed.

8. **SOFA 26**.  With respect to SOFA 26, audits of the Debtors' books of account and records are performed, and the Debtors financial statements are prepared, on a consolidated basis.  Accordingly, the Debtors have identified those parties that audited the Debtors' books of account and records or prepared the Debtors' financial statements only in response to SOFA 26 of Debtors CORE Entertainment Inc., 19 Entertainment Limited, CORE MG UK Holdings Limited, CORE Group Production Limited, CORE Entertainment UK Limited, and Brilliant 19 Limited.

9. **SOFA 30**.  Certain payroll-related payments include amounts that were paid to "insiders" as defined in section 101(31) of the Bankruptcy Code and thus can be found in SOFA 4.

10. **SOFA 31**.  With respect to SOFA 31, the Debtors have provided the name and federal taxpayer-identification number of the parent corporation of the consolidated group for tax purposes.

The Debtors, their Management, agents, officers, directors, employees, representatives, attorneys and financial advisors do not guarantee or warrant as to the accuracy and/or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused

*These Global Notes regarding the Debtors' Bankruptcy Schedules comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors, their Management, officers, directors, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors, officers, directors, employees, agents, attorneys and financial advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors, officers, directors, employees, agents, attorneys and financial advisors are advised of the possibility of such damages.

***END OF GLOBAL NOTES***

***BANKRUPTCY SCHEDULES BEGIN ON THE FOLLOWING PAGE***

| Fill in this information to identify the case: |
| --- |
| Debtor Name: In re : 19 Recordings, Inc. |
| United States Bankruptcy Court for the: Southern District Of New York |
| Case number (if known): 16-11087 (SMB) |

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

**Part 1:**    **Income**

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 1/1/2016 MM / DD / YYYY to Filing date | | ☑ Operating a business ☐ Other  Music Revenue | $ 352,504.81 |
| **For prior year:** | From 1/1/2015 MM / DD / YYYY to 12/31/2015 MM / DD / YYYY | | ☑ Operating a business ☐ Other  Music Revenue | $ 1,499,807.53 |
| **For the year before that:** | From 1/1/2014 MM / DD / YYYY to 12/31/2014 MM / DD / YYYY | | ☑ Operating a business ☐ Other  Music Revenue | $ 3,657,102.81 |

Debtor:    19 Recordings, Inc.                                                    Case number (if known):    16-11087
                Name

## 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From | 1/1/2016<br>MM / DD / YYYY | to | Filing date | Foreign Exchange Translation - Currency Revaluation | $ 33.13 |
| **For prior year:** | From | 1/1/2015<br>MM / DD / YYYY | to | 12/31/2015<br>MM / DD / YYYY | Foreign Exchange Translation - Currency Revaluation | $ 134.14 |
| **For the year before that:** | From | 1/1/2014<br>MM / DD / YYYY | to | 12/31/2014<br>MM / DD / YYYY | Foreign Exchange Translation - Currency Revaluation (loss) | $ (124.11) |

Debtor:  19 Recordings, Inc.                                                    Case number *(if known):*    16-11087
         Name

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|
| 3.1  See SOFA 3 Attachment | | $ | ☐  Secured debt |
| Creditor's Name | | | ☐  Unsecured loan repayments |
| | | | ☐  Suppliers or vendors |
| Street | | | ☐  Services |
| | | | ☐  Other _____ |
| City          State          ZIP Code | | | |
| Country | | | |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| Insider's Name and Address | Dates | Total amount or value | Reason for payment or transfer |
|---|---|---|---|
| 4.1  See SOFA 4 Attachment | | $ | |
| Insider's Name | | | |
| | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |
| Country | | | |
| **Relationship to Debtor** | | | |
| | | | |

Debtor:    19 Recordings, Inc.                                                      Case number *(if known)*:    16-11087
           _____
           Name

**5.   Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date | Value of property |
|---|---|---|---|
| 5.1 _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br>_____<br>City           State        ZIP Code<br><br>_____<br>Country | | _____ | $ _____ |

**6.   Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1 _____<br>Creditor's Name<br><br>_____<br>Street<br><br>_____<br>City           State        ZIP Code<br><br>_____<br>Country | <br><br>Last 4 digits of account number: XXXX– _____ | _____ | $ _____ |

Debtor: 19 Recordings, Inc.

Name

Case number (if known): 16-11087

| Part 3: | Legal Actions or Assignments |
|---|---|

**7.    Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐  None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 Phillip Phillips v. 19 Entertainment, Inc.; 19 Recordings, Inc.; and 19 Publishing Inc. | Claims of violation of California Talent Agencies Act | Division of Labor Standards Enforcement<br>Name | ☑ Pending |
| | | | ☐ On appeal |
| **Case number** | | Dept of Industrial Relations, State of California<br>Street | ☐ Concluded |
| Case No. 38383 | | 2031 Howe Avenue #100 | |
| | | Sacramento        CA        95825<br>City        State        ZIP Code | |
| | | Country | |

**8.    Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑  None

| Custodian's name and address | Description of the Property | Value |
|---|---|---|
| 8.1 | | $ |
| Custodian's name | | **Court name and address** |
| Street | **Case title** | Name |
| | | Street |
| City        State        ZIP Code | **Case number** | |
| | | City        State        ZIP Code |
| Country | **Date of order or assignment** | |
| | | Country |

Debtor:  19 Recordings, Inc.                                          Case number *(if known)*:  16-11087

Name

---

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

9.  **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 _____ | | _____ | $ _____ |
| Creditor's Name | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City          State          ZIP Code | | | |
| _____ | | | |
| Country | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

Debtor:    19 Recordings, Inc.                                    Case number *(if known)*:    16-11087

Name

---

| Part 5: | Certain Losses |

**10.  All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. | | |
| | List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| 10.1 | | | $ |

Debtor: 19 Recordings, Inc.                                          Case number *(if known)*: 16-11087

Name

---

| Part 6: | Certain Payments or Transfers |

### 11.    Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1 | | | | $ |
| | **Address** | | | |
| | Street | | | |
| | | | | |
| | City          State          ZIP Code | | | |
| | Country | | | |
| | **Email or website address** | | | |
| | | | | |
| | **Who made the payment, if not debtor?** | | | |
| | | | | |

### 12.    Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| | Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|---|
| 12.1 | | | | $ |
| | **Trustee** | | | |
| | | | | |

Debtor:    19 Recordings, Inc.          Case number *(if known)*:    16-11087

Name

**13.  Transfers not already listed on this statement**

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | $ |

**Address**

Street

City            State            ZIP Code

Country

**Relationship to Debtor**

Debtor:  19 Recordings, Inc.                                          Case number *(if known):*    16-11087
         Name

| Part 7: | Previous Locations |

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy |
|---|---|
| 14.1 See SOFA 14 Attachment | From _____ To _____ |
| Street | |
| | |
| City                State           ZIP Code | |
| Country | |

Debtor:    19 Recordings, Inc.                                     Case number *(if known)*    16-11087
           Name

---

| Part 8: | Health Care Bankruptcies |
| --- | --- |

**15.  Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |
| 15.1 | | |
| Facility Name | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| Street | | *Check all that apply:* |
| | | ☐ Electronically |
| | | ☐ Paper |
| City        State        ZIP Code | | |
| Country | | |

Debtor:    19 Recordings, Inc.                                          Case number *(if known)*:    16-11087
_____                                    _____
           Name

| Part 9: | Personally Identifiable Information |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

      Does the debtor have a privacy policy about that information?

      ☐ No

      ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

      ☐ No. Go to Part 10.

      ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| 17.1 _____ | EIN: _____ |

      Has the plan been terminated?

      ☐ No

      ☐ Yes

Debtor:  19 Recordings, Inc.                                           Case number *(if known)*:  16-11087
_____
Name

<table>
<tr><td colspan="2">**Part 10:  Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**</td></tr>
</table>

**18.    Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1 | | XXXX- | ☐ Checking | | $ |
| | Name | | ☐ Savings | | |
| | | | ☐ Money market | | |
| | Street | | ☐ Brokerage | | |
| | | | ☐ Other _____ | | |
| | City          State          ZIP Code | | | | |
| | Country | | | | |

**19.    Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1 | | | | ☐ No |
| | Name | | | |
| | Street | | | ☐ Yes |
| | | | | |
| | City          State          ZIP Code | **Address** | | |
| | Country | | | |

Debtor:    19 Recordings, Inc.                                    Case number *(if known):*    16-11087
_____
           Name

## 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑  None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| **20.1** | | | ☐ No |
| Name | | | ☐ Yes |
| Street | | | |
| City        State        ZIP Code | **Address** | | |
| Country | | | |

Debtor:  19 Recordings, Inc.                                          Case number *(if known)*:     16-11087

Name

<table>
<tr><td>**Part 11:**</td><td>**Property the Debtor Holds or Controls That the Debtor Does Not Own**</td></tr>
</table>

**21.  Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| 21.1 | | | $ |
| Name | | | |
| Street | | | |
| | | | |
| City          State          ZIP Code | | | |
| Country | | | |

Debtor:  19 Recordings, Inc.                                              Case number *(if known)*    16-11087

Name

---

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1 | | | | ☐ Pending |
| | **Case Number** | Name | | ☐ On appeal |
| | | Street | | ☐ Concluded |
| | | City          State          ZIP Code | | |
| | | Country | | |

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1 | Name | Name | | |
| | Street | Street | | |
| | City          State          ZIP Code | City          State          ZIP Code | | |
| | Country | Country | | |

24.  **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1 | | | | |

---

Debtor: 19 Recordings, Inc.

Case number *(if known)*: 16-11087

Name

Name

_____

Street

_____

_____

City          State          ZIP Code

_____

Country

Name

_____

Street

_____

_____

City          State          ZIP Code

_____

Country

Debtor:   19 Recordings, Inc.                                                    Case number *(if known)*:  16-11087
_____
          Name

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25.   Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1 | | | EIN: _____ |
| | Name _____ | | **Dates business existed** |
| | Street _____ | | From _____  To _____ |
| | _____ | | |
| | City          State     ZIP Code | | |
| | Country _____ | | |

**26.   Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| | Name and Address | Dates of service |
|---|---|---|
| 26a.1 | See SOFA 26a Attachment | From _____  To _____ |
| | Name | |
| | Street | |
| | | |
| | City          State     ZIP Code | |
| | Country | |

26b.  List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared  a financial statement within 2 years before filing this case.

☑ None

| | Name and Address | Dates of service |
|---|---|---|
| 26b.1 | | From _____  To _____ |
| | Name | |
| | Street | |
| | | |
| | City          State     ZIP Code | |
| | Country | |

Debtor:   19 Recordings, Inc.                                                      Case number *(if known)*      16-11087
_____
Name

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1  Royalty Review Council | |
| Name | |
| 15456 Ventural Blvd | |
| Street | |
| #400 | |
| Sherman Oaks          CA          91403 | |
| City          State          ZIP Code | |
| | |
| Country | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1 |
| Name |
| |
| Street |
| |
| |
| City          State          ZIP Code |
| |
| Country |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          Page 19

Debtor:  19 Recordings, Inc.                                          Case number *(if known)*:   16-11087
      Name

## 27.  Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of Inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
27.1 _____

Name _____

Street _____

_____

City _____ State _____ ZIP Code _____

Country _____

## 28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and Nature of any interest | % of interest, if any |
|---|---|---|---|
| 28.1  See SOFA 28 Attachment | | | |

## 29.  Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners,   members  in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☒ No

☐ Yes. Identify below.

| Name | Address | Position and Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.1 | | | From _____ To _____ |

Debtor:    19 Recordings, Inc.                                        Case number *(if known):*    16-11087
_____
Name

**30.  Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans,credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1  See SOFA 4 Attachment | | | |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |
| Country | | | |
| **Relationship to debtor** | | | |
| | | | |

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1  CORE Entertainment Holdings Inc | EIN:  45-2520877 |
| 31.2  CORE Media Group Inc. | EIN:  87-0118168 |

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1 | EIN: |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in

connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.

18 U.S.C.§§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    06/22/2016
_____
MM / DD / YYYY

✖    / s / Scott Frosch                                Printed name    Scott Frosch
_____                                    _____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Chief Financial Officer and Treasurer
_____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐    No

☑    Yes

In re: 19 Recordings, Inc.

Case No. 16-11087

Attachment 3

Certain payments or transfers to creditors within 90 days before filing this case

| Creditor's name | Address 1 | Address 2 | Address 3 | City | State | Zip | Country | Date | Total amount or value | Reason for payment or transfer (e.g. Secured debt, Unsecured loan repayments, Suppliers or vendors, Services, or Other) |
|---|---|---|---|---|---|---|---|---|---|---|
| Carrie Underwood | c/o Haber Corp | 1920 Adelicia, Ste. 300 | | Nashville | TN | 37212 | | 4/27/2016 | $355,041.65 | Royalties |
| Mccreery, Scotty Cooke | c/o FBMM, Inc. | P.O. Box 340020 | | Nashville | TN | 37203 | | 1/29/2016 | $21,217.00 | Royalties |
| Prager Metis CPA's, LLC | 14 Penn Plaza, Ste 1800 | | | New York | NY | 10122 | | 2/3/2016 | $22,000.00 | Services |
| Royalty Review Council | 15456 Ventura Blvd Ste 400 | | | Sherman Oaks | CA | 91403 | | 2/3/2016 | $16,444.95 | Services |
| Royalty Review Council | 15456 Ventura Blvd Ste 400 | | | Sherman Oaks | CA | 91403 | | 3/2/2016 | $11,328.75 | Services |
| Royalty Review Council | 15456 Ventura Blvd Ste 400 | | | Sherman Oaks | CA | 91403 | | 3/22/2016 | $3,896.39 | Services |
| Royalty Review Council | 15456 Ventura Blvd Ste 400 | | | Sherman Oaks | CA | 91403 | | 4/22/2016 | $43,718.02 | Services |

**In re: 19 Recordings, Inc.**
**Case No. 16-11087**
Attachment 4
Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's name | Address 1 | City | State | Zip | Date | Total amount or value | Reasons for payment or transfer | Relationship to debtor |
|---|---|---|---|---|---|---|---|---|
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 5/1/2015 | $6,492.68 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 5/6/2015 | $3,000.00 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 5/14/2015 | $300,000.00 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 5/21/2015 | $15,769.00 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 5/22/2015 | $220.91 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 6/2/2015 | $26,288.05 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 6/16/2015 | $14,216.56 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 6/24/2015 | $10,196.66 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 6/27/2015 | $289,042.00 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 7/21/2015 | $3,375.32 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 8/3/2015 | $3,735.43 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 8/5/2015 | $41,666.68 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 8/25/2015 | $3,732.16 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 8/27/2015 | $300,397.21 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 8/31/2015 | $2,352.61 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 9/22/2015 | $2,982.10 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 9/25/2015 | $99.21 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 9/30/2015 | $2,267.57 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 10/2/2015 | $188,170.63 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 10/20/2015 | $2,728.20 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 11/2/2015 | $1,942.44 | Intercompany/Affiliate Funds Transfer | Affiliate |

**In re: 19 Recordings, Inc.**

**Case No. 16-11087**

Attachment 4

Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Insider's name | Address 1 | City | State | Zip | Date | Total amount or value | Reasons for payment or transfer | Relationship to debtor |
|---|---|---|---|---|---|---|---|---|
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 11/24/2015 | $15,291.02 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 12/18/2015 | $170.22 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 12/22/2015 | $2,473.61 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 12/23/2015 | $2,006.98 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 1/20/2016 | $2,344.56 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 1/22/2016 | $639.90 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 2/23/2016 | $3,121.93 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 2/26/2016 | $1,400.67 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 3/1/2016 | $857.71 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 3/11/2016 | $15,258.00 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 3/22/2016 | $2,730.55 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 3/30/2016 | $2,335.40 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 3/31/2016 | $249,187.43 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 4/19/2016 | $2,912.12 | Intercompany/Affiliate Funds Transfer | Affiliate |
| 19 Entertainment Inc | 8560 West Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | 4/20/2016 | $33,500.00 | Intercompany/Affiliate Funds Transfer | Affiliate |

**In re: 19 Recordings, Inc.**

**Case No. 16-11087**

Attachment 14

Previous addresses

| Address 1 | Address 2 | City | State | Zip | Country | Dates of occupancy |
|-----------|-----------|------|-------|-----|---------|---------------------|
| 8560 W. Sunset Blvd. | 9th Fl | West Hollywood | CA | 90069 | | 08/01/2005-10/09/2015 |
| 8560 W. Sunset Blvd. | 7th Fl | West Hollywood | CA | 90069 | | 04/05/2013-10/09/2015 |
| 1071 Ave of the Americas | 5th Fl | New York | NY | 10018 | | 10/01/2014-Present |
| 900 Third Ave | 23rd Fl | New York | NY | 10022 | | 05/31/2013-10/01/2014 |
| 220 W. 42nd St | 16th Fl | New York | NY | 10036 | | 03/28/2013-05/31/2013 |

**In re: 19 Recordings, Inc.**
**Case No. 16-11087**
Attachment 26a
Books, records and financial statements - Accountants and bookkeepers

| Name | Address 1 | City | State | Zip | Title | Dates of service |
|------|-----------|------|-------|-----|-------|------------------|
| Black Lace Consulting | Address Redacted | | | | Corporate Controller | 6/22/2015 - Present |
| Endemol USA | 9255 Sunset Blvd, Ste 1100 | West Hollywood | CA | 90069 | Accounting Services | 2014 - 2015 |
| Greg Jackson | Address Redacted | | | | VP, Tax | 1/28/2013 - 3/1/2015 |
| Joshua Hart | Address Redacted | | | | Controller | 9/12/2012 - 6/26/2015 |
| Michele Rosette | Address Redacted | | | | SVP Finance and Accounting | 3/5/2007 - Present |
| Scott Frosch | Address Redacted | | | | CFO | 5/1/2006 - Present |

**In re: 19 Recordings, Inc.**

**Case No. 16-11087**

Attachment 28

Current Partners, Officers, Directors and Shareholders

| Name | Address 1 | Address 2 | City | State | Zip | Position and nature of any interest | % of interest, if any |
|------|-----------|-----------|------|-------|-----|-------------------------------------|------------------------|
| 19 Entertainment, Inc. | 8560 W. Sunset Blvd., 8th Fl | | West Hollywood | CA | 90069 | Controlling Shareholder | 100% |
| Beverly Frank | CORE Media Group | 8560 W. Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | Vice President | |
| Kelly Pontano | CORE Media Group | 1071 Ave of the Americas, 5th Fl | New York | NY | 10018 | Vice President and Secretary | |
| Peter Hurwitz | CORE Media Group | 8560 W. Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | Director | |
| Peter Hurwitz | CORE Media Group | 8560 W. Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | President | |
| Scott Frosch | CORE Media Group | 8560 W. Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | Chief Financial Officer and Treasurer | |
| Scott Frosch | CORE Media Group | 8560 W. Sunset Blvd., 8th Fl | West Hollywood | CA | 90069 | Director | |